**FELIG v. UNITED STATES.**
No. 43998.

Court of Claims.
April 7, 1941.

308

310

Before WHALEY, Chief Justice, and WHITAKER, LITTLETON, JONES, and MADDEN, Judges.

R. M. O'Hara, of Detroit, Mich., for plaintiff.

J. W. Hussey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief).

WHITAKER, Judge.

This is a suit to recover income taxes on the theory that an account stated arose from the execution of stipulations between the plaintiff and the defendant to be filed in proceedings before the Board of Tax Appeals.

For the year 1920 the Commissioner asserted against the decedent a deficiency of $5,007.65, from which he took an appeal to the Board of Tax Appeals. In that case a stipulation was filed in which it was agreed that, instead of a deficiency, there had been an overpayment of taxes by the taxpayer in the sum of $17,949.06. This resulted from the holding that the corporations listed in finding 6 were not personal service corporations, and the consequent exclusion from the taxpayer's income of his distributive share of their income and the inclusion therein only of such dividends as the taxpayer had actually received from them. On April 6, 1929, the Board entered its order accordingly.

Thereafter, the Commissioner assessed against these corporations taxes in the aggregate amount of $142,789.35. The amount of $99,337.80 thereof was not paid and, accordingly, on August 7, 1931, the Commissioner advised decedent that he could not make the refund of the overpayment of $17,949.06 as agreed, in view of the provisions of section 1210 of the Revenue Act of 1926, 44 Stat. 9, 130, 26 U.S.C.A.Int. Rev.Acts, page 342. This section provides that an individual who has paid taxes on his distributive share of a personal service corporation, which is later determined not to be a personal service corporation, is entitled to a refund of the taxes so paid, provided " * * * such corporation has paid the tax imposed * * * and (c) claim therefor is filed within one year after the enactment of this Act, or before the expiration of the period of limitations upon the filing of such claim, whichever is the later."

Following this, the Commissioner acted upon the decedent's tax liability for the years 1918 and 1919 and determined deficiencies for these two years in the amounts of $1,421.10 and $7,881.75, respectively. From these determinations decedent appealed to the Board of Tax Appeals on September 10, 1931, and December 5, 1931, respectively. In his appeals he claimed that the Commissioner had made a number of errors in computing his tax liability, which if corrected would show an overpayment by him of an amount of about $14,544.73, instead of the deficiencies asserted.

These appeals were settled by a stipulation between the parties, under the terms of which they agreed that an order might be entered determining deficiencies as asserted by the Commissioner, to be satisfied by applying to them the overpayment determined for 1920, and that the balance of this overpayment should be refunded. The Board entered orders accordingly.

The balance of the overpayment for 1920 was not refunded to plaintiff, however, because before doing so, the Commissioner rediscovered that some of the corporations had not paid the tax and, therefore, he was without power to make the refund because of the provisions of section 1210 of the 1926 act. He so notified the decedent on June 12, 1934. Subsequently in a letter dated August 13, 1934, he stated that he was willing that the orders entered by the Board determining deficiencies for 1918 and 1919 be set aside, since the agreements on the basis of which they were entered had been made on condition that the deficiencies were to be satisfied out of the overpayment for 1920. The decedent, however, took no action to set aside these orders of the Board until after they had become final and the Board had lost jurisdiction over them.

Thereafter, the defendant collected the deficiencies in part from decedent's surety, and for the balance it filed proof of claim with the decedent's administrator.

The plaintiff sues on the stipulations filed in the proceedings for 1918 and 1919, under which it was agreed that the deficiencies agreed upon for those years were to be satisfied out of the overpayment determined for 1920, and that the balance should be refunded to the decedent.

This agreement, we think, is void because defendant's agents were without power to agree to refund these taxes, unless the personal service corporations had paid the tax, which they had not done in fact. Prior to the passage of the act of 1926 the recovery of these taxes had long since been barred by the statute of limitations. Suit for their recovery could thereafter be maintained only by virtue of the provisions of section 1210 of that act. This section authorized

the Commissioner to make the refund only if the corporation had paid the tax assessed against it. If it had not, the Commissioner had no authority to make the refund. His agreement to do so, made without authority, is unenforceable against the defendant. Wisconsin Central Railroad Co. v. United States, 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399; Sutton v. United States, 256 U.S. 575, 580, 41 S.Ct. 563, 65 L.Ed. 1099, 19 A. L.R. 403; Maryland Steel Co. v. United States, 235 U.S. 451, 459, 35 S.Ct. 190, 59 L.Ed. 312; Wilber National Bank v. United States, 294 U.S. 120, 55 S.Ct. 362, 79 L. Ed. 798.

This works no hardship on the taxpayer in this case, because prior to the time the Commissioner entered into the agreement sued on he had previously notified the taxpayer that on account of the fact that the corporations had not paid the tax he could not carry out a similar agreement previously made. At the time the Commissioner made the agreement in 1934 the taxpayer knew he was without authority to do so.

It is true that after the said corporations had been assessed with the tax, the decedent paid to them his proportion thereof; but this cannot alter the situation as between decedent and the defendant. Plaintiff's claim is not against defendant, but against the corporations to which the tax was paid.

It results that plaintiff is not entitled to recover. His petition will, therefore, be dismissed. It is so ordered.